[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS K. KAHN
CLERK

No. 04-14138
Non-Argument Calendar

_____

D. C. Docket No. 04-20050-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN FREDDY RINCON-CASTRILLON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2005)

**ON PETITION FOR REHEARING**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

We withdraw our previous order issued on May 12, 2005, and replace it

with this opinion.

Since no member of this panel nor other Judge in regular active service on the Court has requested that the Court be polled on rehearing en banc, the petition for rehearing en banc filed by Appellant, John Freddy Rincon-Castrillon, is DENIED. *See* Fed. R. App. P. 35. The petition for panel rehearing is GRANTED. Upon rehearing, we vacate our original opinion, *United States v. John Freddy Rincon-Castrillon*, No. 04-14138 (11th Cir. Mar. 18, 2005) and substitute the following.

Rincon-Castrillon argues that the district court violated his constitutional rights in considering Rincon-Castrillon's prior convictions when determining his sentence. Rincon-Castrillon also argues that we should remand to the district court for re-sentencing because the sentencing guidelines are advisory under *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005).

We have explained that there are two types of *Booker* error: (1) a Sixth Amendment error–that is, imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury; and (2) statutory error–being sentenced under a sentencing guidelines scheme that is mandatory. *United States v. Shelton*, 400 F.3d 1325, 1330–31 (11th Cir. 2005).

A.    Sixth Amendment Error

Since Rincon-Castrillon raised his *Blakely v. Washington*, 542 U.S. __, 124

2

S. Ct. 2531 (2004), ( now *Booker)* argument before the district court, we review

his *Booker* claims for harmless error. *See United States v. Paz*, 405 F.3d 946, 948

(11th Cir. 2005). Constitutional error must be disregarded if the error is harmless

beyond a reasonable doubt. *United States v. Candelario*, 240 F.3d 1300, 1307

(11th Cir. 2001). In the instant case, we find no constitutional *Booker* error, so we

need not reach whether the error is harmless beyond a reasonable doubt.

In *Booker*, the Supreme Court "left undisturbed its holding in

[*Almendarez-Torres v. United States*, 523 U.S. 224, 227, 118 S. Ct. 1219, 1233

(1998)], that recidivism is *not* a separate element of an offense that the

government is required to prove beyond a reasonable doubt." *United States v.*

*Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005). Moreover, the Court

reaffirmed *Apprendi*'s holding that "[a]ny fact (other than a prior conviction),

which is necessary to support a sentence exceeding the maximum authorized by

the facts established by a plea of guilty or a jury verdict must be admitted by the

defendant or proved to a jury beyond a reasonable doubt." *Id.* Accordingly, in

*Orduno-Mireles* we observed that "the Court's holding in *Booker* . . . is not

implicated when a defendant's sentence is enhanced based on a prior conviction."

*Id.*

To the extent that the Supreme Court's recent decision in *Shepard* arguably

3

undermined *Almendarez-Torres*, that decision does not undermine our outcome here. *See Shepard v. United States*, __ U.S. __, 125 S. Ct. 1254 (2005). At his change of plea hearing, Rincon-Castrillon admitted the underlying fact of his prior conviction for trafficking cocaine and that he was sentenced to 15 years imprisonment for that conviction. Accordingly, the sentencing court did not resolve disputed facts, but based its sentence on admitted facts. *See Shepard*, 125 S. Ct. at 1263; *see also United States v. Burge*, 407 F.3d 1183, 1191 (11th Cir. 2005); *Shelton*, 400 F.3d at 1330. Therefore, in this case, we are not presented with an opportunity to determine the implications and reach of *Shepard*.

Because *Almendarez-Torres* remains good law, the district court did not err in finding that Rincon-Castrillon should receive an enhancement based on his prior conviction. Thus, we conclude that the district court's use of prior convictions to enhance Curtis's sentence did not violate the Sixth Amendment.

B. Statutory Error

Although the district court did not violate the Sixth Amendment in sentencing Rincon-Castrillon, it did commit a statutory *Booker* error. Due to the nature of the Supreme Court's *Booker* remedy, we have concluded that a district court has committed *Booker* error whenever it sentences a defendant under a mandatory guidelines scheme, even in the absence of a Sixth Amendment error.

4

*Shelton*, 400 F.3d at 1330–31.

When an error is nonconstitutional, it is harmless if it does not affect the substantial rights of the parties. *See* 28 U.S.C. § 2111; *United States v. Guzman*, 167 F.3d 1350, 1353 (11th Cir. 1999). "[A] nonconstitutional error requires reversal only if it resulted in actual prejudice because it had substantial and injurious effect." *Guzman*, 167 F.3d at 1353 (internal quotations and citation omitted). The government bears the burden of showing that the error did not affect Rincon-Castrillon's substantial rights. *United States v. Fern*, 155 F.3d 1318, 1327 (11th Cir. 1998). "The non-constitutional harmless error standard is not easy for the government to meet." *United States v. Mathenia*, __F.3d__, No. 04-15250, 2005 WL 1201455 at *2 (11th Cir. May 23, 2005). Here, the government has failed to meet its burden.

In this case, without opposition from the government, the district court granted Rincon-Castrillon a full three-level departure for acceptance of responsibility and then imposed a sentence at the lowest end of the mandatory guidelines range. We cannot say with fair assurance that the sentence would not have been lower if the district court had considered the guidelines advisory instead of mandatory. Therefore, the government has failed to show that district court's error did not have a substantial and injurious effect on Rincon Castrillon's

5

sentence.

For the foregoing reasons, we VACATE Rincon-Castrillon's sentence and REMAND to the district court for re-sentencing consistent with the Supreme Court's decision in *Booker*.

**SENTENCE VACATED and REMANDED.**