[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/12/99
THOMAS K. KAHN
CLERK

No. 96-4321

D. C. Docket No. 94-302-CR-MARCUS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO GUZMAN, ALEJANDRO MARTINEZ,
GLORIA GUZMAN, et al.

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Florida

(February 12, 1999)

Before ANDERSON and DUBINA, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Appellants Gloria Guzman ("Guzman"), Julio Guzman and Alejandro Martinez were indicted by a federal grand jury in the Southern District of Florida. The indictment charged them with conspiracy to import cocaine into the United States in violation of 21 U.S.C. § 963 ("count one"); conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846 ("count two"); and conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 1956 ("count three"). Julio Guzman was also charged with money laundering in

violation of 18 U.S.C. § 1956(a)(1)(B)(I) ("count four"). Following trial, the jury found Gloria Guzman guilty of counts one and two, Julio Guzman guilty of counts one through four and Alejandro Martinez guilty of counts one and two.[1]

Julio Guzman appeals his conviction based on alleged prosecutorial misconduct in the government's closing argument and cross-examination of Mr. Guzman. He also appeals his sentence, arguing that the court improperly attributed in excess of 150 kilograms of cocaine. Alejandro Martinez appeals his conviction, arguing that the court erred in denying his motion for severance. Gloria Guzman appeals her conviction, arguing that the court improperly admitted a taped conversation into evidence and allowed the government to cross examine her character witness with a question that assumed the facts of the instant offense. As to the issues raised by Mr. Guzman and Mr. Martinez and the first issue raised by Ms. Guzman, we find no merit to the arguments and AFFIRM pursuant to 11th Circuit Rule 36-1.[2] Regarding Ms. Guzman's second argument, we find that in light of the record as a whole the district court's allowance of the improper question constituted harmless error and therefore AFFIRM.

## I. BACKGROUND

---

[1] A fourth co-defendant, Luis Antonio Sentmanat, was acquitted on count two after having the other counts dismissed.

[2] 11th Cir. R. 36-1 provides:
When the court determines that any of the following circumstances exist:
(a) judgment of the district court is based on findings of fact that are not clearly erroneous;
(b) the evidence in support of a jury verdict is sufficient;
© the order of an administrative agency is supported by substantial evidence on the record as a whole;
(d) summary judgment, directed verdict, or judgment on the pleadings is supported by the record;
(e) judgment has been entered without a reversible error of law; and an opinion would have no precedential value,
the judgment or order may be affirmed or enforced without opinion.

During Gloria Guzman's defense, she called Jose Borras as a character witness. Borras testified that he knew Guzman from their mutual involvement in the Santaria religion. He testified that Guzman was poor, and that her lifestyle was inconsistent with that of someone making hundreds of thousands of dollars from trafficking in cocaine. Further, Borras testified that based on the thirteen years that he knew Guzman, she was a law-abiding person. During cross examination, the government attempted to ask a series of questions based on the facts of the instant case. Guzman's objections to six of the questions were sustained.[3] The court allowed one of the questions to be asked and answered, however. The government asked, "Mr. Borras, would your opinion change if you learned that, in the summer of 1993 Ms. Guzman was involved in transporting multi-kilogram quantities of cocaine?" Borras responded, "Well, it is something that I could just not believe, because it would not fit in my head since we have principles in our reasoning. And you have to bear that in mind."

## II. STANDARD OF REVIEW

---

[3] The following questions were not allowed to stand:
> Have you heard that since 1992 she has been involved in drug trafficking?
> Have you heard that in 1992 she worked for one Felix Reyes?
> Mr. Borras, would your opinion change if you heard that Ms. Guzman worked for Felix Reyes in 1992 a part of a cocaine transportation--?
> Mr. Borras, would your opinion change if Ms. Guzman in 1992 had worked for one Felix Reyes--?
> Would your opinion change, Mr. Borras, if you heard that in the summer of 1993 Ms. Guzman was part of a national cocaine distribution network?
> Would your opinion change, Mr. Borras, if you heard that in November – late November of 1993 Ms. Guzman perpetrated a false police report about a van of her son's containing cocaine?

A district court has wide discretion to control the cross-examination of witnesses. Michelson v. United States, 335 U.S. 469, 480, 69 S.Ct. 213, 221, 93 L.Ed. 168 (1948). We review such district court determinations for abuse of discretion. United States v. Wilson, 983 F.2d 221, 223 (11th Cir. 1993).

## III.  DISCUSSION

Once a defendant calls a character witness, Federal Rule of Evidence 405(a) allows the government to cross-examine that witness regarding their knowledge of specific instances of the defendant's misconduct in order to help the jury evaluate the quality of the character testimony. The government may not, however, pose hypothetical questions that assume the guilt of the accused in the very case at bar. "These [guilt-assuming] hypotheticals [strike] at the very heart of the presumption of innocence which is fundamental to Anglo-Saxon concepts of fair trial." United States v. Candelaria-Gonzalez, 547 F.2d 291, 294 (5th Cir. 1977).[4] Although the questions at issue in Candelaria-Gonzalez were posed to character witnesses who were testifying to the accused's reputation in the community, these questions are equally inappropriate when asked of opinion character witnesses. E.g., United States v. Oshatz, 912 F.2d 534, 539 (2nd Cir. 1990); United States v. Williams, 738 F.2d 172, 177 (7th Cir. 1984); . But see United States v. White, 887 F.2d 267, 274-75 (D.C. Cir. 1989)(holding that character witness testifying to opinion of the accused may be cross-examined with guilt-assuming hypotheticals, citing cases that do not support that proposition).

The governments admits that the district court erred by allowing the guilt-assuming hypothetical to be asked, but argues that the error was harmless. Guzman argues that harmless error

---

[4] The Eleventh Circuit, sitting en banc in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

inquiry is inappropriate in this case and, in the alternative, that the improper question asked of her only character witness was not harmless because of its impact on her defense case.

We decline Guzman's invitation to treat the cross examination of character witnesses using guilt-assuming hypotheticals as error so grave as to be beyond harmless error analysis. Such treatment has traditionally been reserved for only the most fundamental constitutional violations.[5] Although the use of this type of question is improper, we do not believe that such use rises to a level equivalent to fundamental constitutional violations. Consequently, we must determine whether the district court's error was harmless in this case.

In cases of nonconstitutional error in criminal cases, we apply the federal harmless-error statute, which provides that on appeal we must ignore "errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111. In applying this test, we use the <u>Kotteakos</u> standard, which teaches that a nonconstitutional error requires reversal only if it resulted "in actual prejudice because it 'had substantial and injurious effect or influence in determining the jury's verdict.'" <u>United States v. Lane</u>, 474 U.S. 438, 449, 106 S.Ct. 725, 732, 88 L.Ed.2d 814 (1986)(quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). <u>See also</u> <u>Palmes v. Wainwright</u>, 725 F.2d 1511, 1518 (11th Cir. 1984)(applying the <u>Kotteakos</u> standard to nonconstitutional error). In <u>Lane</u>, the Supreme Court applied this standard in a case of alleged misjoinder. The court determined that the error was nonconstitutional because "[i]mproper joinder does not, in itself, violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his

---

[5] In <u>Chapman v. State of California</u>, the Supreme Court noted that "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." <u>Chapman v. State of California</u>, 386 U.S. 18, 23, 87 S.Ct. 824, 827-28, 17 L.Ed.2d 705 (1967)(citing as examples <u>Payne v. State of Arkansas</u>, 356 U.S. 560, 78 S,Ct. 844, 2 L.Ed.2d 975 (coerced confession); <u>Gideon v. Wainwright</u>, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (right to counsel); <u>Tumey v. State of Ohio</u>, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 2d 749 (impartial judge)).

Fifth Amendment right to a fair trial." <u>Lane</u>, 474 U.S. at 446 n.8, 106 S.Ct. at 730 n.8.

The Supreme Court has only applied the <u>Kotteakos</u> formulation of the harmless error standard, so far, to nonconstitutional error. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 631-32, 113 S.Ct. 1710, 1718, 123 L.Ed.2d 353. In cases of constitutional error, we apply the <u>Chapman</u> standard, which teaches that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." <u>Chapman</u>, 386 U.S. at 24, 87 S.Ct. at 828. Although constitutional errors must be proven to be harmless beyond a reasonable doubt and nonconstitutional errors must merely be shown to have not caused actual prejudice, both standards require the reviewing court to consider the entire trial record when making the determination of harmless error. <u>United States v. Hasting</u>, 461 U.S. 499, 509, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983)("Since <u>Chapman</u>, the Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations.").

Neither party has addressed the issue of which standard should be applied in this case. We need not decide the question, however, because even assuming <u>arguendo</u> that the more stringent <u>Chapman</u> standard applies, we conclude that the error is harmless. After considering the entire trial record, we base this conclusion primarily on the overwhelming evidence of Guzman's guilt and the response given by Guzman's character witness in response to the improper question. Overwhelming evidence of guilt is one factor that may be considered in finding harmless error. <u>See, e.g.</u>, <u>Hasting</u>, 461 U.S. at 511-12, 103 S.Ct. at 1981-82; <u>United States v. Johns</u>, 734 F.2d 657, 666 (11th Cir. 1984). At trial, the government introduced several tapes containing recorded conversations between Guzman and other members of the drug trafficking conspiracy, wherein they discussed cocaine transactions and deliveries as well as transfer of the titles of vehicles used in the cocaine trafficking. The government also presented testimony by one of Guzman's co-conspirators that detailed her involvement in the crimes charged.

6

In addition to the overwhelming evidence of Guzman's guilt, we may also take into account the answer given by her character witness in response to the improper guilt-assuming hypothetical. United States v. Hewitt, 663 F.2d 1381, 1391 n.19 (11th Cir. 1981); United States v. Dovalina, 525 F.2d 952, 957 (5th Cir. 1976). In this case, after being asked whether his opinion of Guzman would change if he learned that she had been involved in the crimes she was charged with, Mr. Borras responded that he would not be able to believe it. The harm in allowing the use of this type of improper hypothetical lies in the effect of having the defendant's own character witness assume that the defendant is guilty. Here, the witness essentially refused to accept that assumption. The government's improper question backfired and, arguably, Guzman's case was strengthened by Borras's response. It strains credulity to maintain that, in such context, the question attenuated the presumption of innocence to which Guzman was entitled.

The district court should not have allowed the government to ask Guzman's character witness to assume that she was guilty of the instant offense. Given the overwhelming evidence of Guzman's guilt and the defusing effect of the witness's response, however, we find it clear beyond a reasonable doubt that the jury would have returned the same verdict if the question had not been asked.

IV. CONCLUSION

After a careful review of the record, we find no merit to Julio Guzman's or Alejandro Martinez's claims. We also find no merit to Gloria Guzman's evidentiary claim. Finally, although the district court erred by allowing the government to ask a guilt-assuming hypothetical during cross-examination of Gloria Guzman's character witness, we find that the error was harmless beyond a reasonable doubt and therefore does not require reversal. Consequently, we AFFIRM all of the Defendants-Appellees' convictions for the reasons presented above.

7