PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**12/14/99**
**THOMAS K. KAHN**
**CLERK**

_____

No. 97-4794

_____

D. C. Docket No. 95-6277-CR-KLR

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

    versus

CARLOS CUCHET,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 14, 1999)**

Before EDMONDSON and MARCUS, Circuit Judges, and ALARCON*, Senior
Circuit Judge.

_____

*Honorable Arthur L. Alarcon, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by
designation.

EDMONDSON, Circuit Judge:

Defendant appeals his convictions and sentences for multiple narcotics offenses. We conclude that the district court likely did err in excluding Defendant, over his express objection, from a part of the confidential voir dire of prospective jurors conducted at the bench. But, because the error was harmless, we affirm Defendant's convictions. We also affirm Defendant's sentences.

Background

This case is about a drug conspiracy involving seven named defendants. The government's investigation of the conspiracy began when an informant, William Siple, began cooperating with officials at the federal Drug Enforcement Agency ("DEA"). Siple, while working with DEA agents, later purchased, on different occasions, marijuana and lysergic acid diethylamide ("LSD") from Defendant Carlos Cuchet. Siple also provided DEA agents with information implicating other defendants, including Cuchet's paramour, Lisa Parra, and one of Cuchet's suppliers, Thomas Gorecki, in drug crimes.

A superseding indictment was returned charging Cuchet with conspiring to possess with intent to distribute LSD, in violation of 21 U.S.C. § 841(a)(1) & 846 (Count I); distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count VII);

2

and distribution of LSD, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Count VIII).

During jury selection, after directing inquiries to the entire jury pool, the district court separately questioned thirteen prospective jurors at the bench. The sidebar questions concerned the jurors' prior involvement with illegal drugs and with the criminal justice system.[1] Lawyers for Cuchet and the government were present during the sidebar conference, and they were allowed to ask the jurors questions.

After the first juror had been interviewed, defense counsel asked that Cuchet be allowed to be present during the questioning. The district court denied the request, acknowledging that the law permitted Cuchet to be present but saying it would be "too cumbersome." The district court then continued to question the jurors outside of Cuchet's direct observation and range of hearing. At least two, and possibly as many as three,[2] of the jurors who were questioned separately at the bench ultimately sat on the jury.

---

[1]The jurors who were questioned had indicated in the general voir dire that they, or someone close to them, had previously been involved with illegal drugs or had been charged with a crime.

[2]The record is unclear about how many of the thirteen jurors who were questioned were actually selected to serve on the jury. For purposes of our analysis herein, we will assume that four, as asserted by Defendant, were selected. But, one was excused for illness before the trial began and was replaced with an alternate (who was not one of the jurors questioned at the bench). So, at most, three of the prospective jurors served.

At trial, the government presented evidence of Cuchet's involvement in the charged offenses. Parra and Gorecki had agreed to cooperate with the government, and they testified against Cuchet. The jury found Cuchet guilty of all counts against him. The district court sentenced him to 360 months' imprisonment for Counts I and VIII and to 120 months' imprisonment for Count VII, to run concurrently. Cuchet appeals his convictions and sentence.

Discussion

Cuchet argues that he is entitled to a new trial based on the district court's having prevented him from being present during the sidebar questioning of prospective jurors.[3] Cuchet argues that, because he was unable personally to observe the prospective jurors' demeanor and to hear their voices in answering questions, his ability to exercise his peremptory challenges -- which may be exercised for arbitrary, subtle reasons -- was impaired.

---

[3]Cuchet also argues that the court failed to comply with Federal Rule of Criminal Procedure 32 at his sentencing hearing and that the court erred in applying enhancements to his offense level for obstruction of justice and for having an aggravating-role in the offense. Because these sentencing arguments lack merit, we do not discuss them.

Federal Rule of Criminal Procedure 43(a) gives a defendant the right to be present "at every stage of the trial including the impaneling of the jury."[4] And we have previously said that "excluding the defendants or their attorneys from the interrogation of the jurors arguably deprive[s] them of [the] right [to be present during every stage of the trial]." United States v. Yonn, 702 F.2d 1341, 1345 (11th Cir. 1983).

Although the right to be present is not absolute, Illinois v. Allen, 397 U.S. 337, 342 (1970), the court probably did err in excluding Cuchet from observing the sidebar questioning in this case. Considering the plain language of the rule in the light of Cuchet's specific request to be present and the absence of unusual circumstances in this case which would make Cuchet's presence unfeasible,[5] the trial court probably should have allowed Cuchet's request to be present. See also United States v. Washington, 705 F.2d 489, 498 (D.C. Cir. 1983) ("In normal cases the defendant upon request should be allowed to observe and hear juror responses made at the bench.").

---

[4]Rule 43(a) reads as follows: "(a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule."

[5]The government does not contend that there were special circumstances, such as incidents of violence or multiple defendants, which would make Cuchet's presence problematic.

5

But not every violation of Rule 43(a) requires reversal.  See Yonn, 702 F.2d at 1345 (concluding that exclusion of defendant from questioning of member of jury, even if a violation of Rule 43, was harmless error); Rogers v. United States, 422 U.S. 35, 40 (1975) ("[A] violation of Rule 43 may in some circumstances be harmless error[.]").[6]  And, given all of the circumstances before us, the error in this case would be harmless.  Cuchet was present during the general voir dire that took place in open court.  See United States v. Brantley, 68 F.3d 1283, 1291 (11th Cir. 1995) (assuming, for sake of argument, Rule 43 violation -- based on defendants' absence during time peremptory challenges were exercised -- and concluding that violation was harmless because  defendants were present during general voir dire and had opportunity to discuss with counsel any misgivings about particular venire

---

[6]About our harmless-error review, Cuchet, at oral argument, argued for the first time that the harmless-beyond-a-reasonable-doubt standard of Chapman v. California, 386 U.S. 18, 23 (1967), for federal constitutional errors, applied to this case.  In the absence of briefing on this issue, we decline to address Cuchet's argument.  See Roberts v. Commissioner of Internal Revenue, 175 F.3d 889, 898 n.11 (11th Cir. 1999) ("[W]e normally do not address issues raised for the first time at oral argument[.]"); Softball Country Club-Atlanta v. Decatur Fed. Sav. and Loan Ass'n, 121 F.3d 649, 654 n.9 (11th Cir. 1997) ("Because Plaintiffs have not had an adequate opportunity to address this matter [raised by Defendant for the first time at oral argument] . . . we decline to entertain it."); Bigby v. United States Immigration & Naturalization Serv., 21 F.3d 1059, 1063 n.6 (11th Cir. 1994) ("In light of the absence of briefing, we decline to address this issue.").  The mere assertion in Cuchet's brief -- made in a footnote, without citation to authority and without explanation -- that the right to presence delineated in Rule 43 has constitutional underpinnings is insufficient to present the Chapman issue to us squarely.  See Fed. R. App. P. 28(a)(9)(A) (requiring appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies[.]").  Cuchet argued in his brief only that the error violated his right to be present under Rule 43, not that the error also violated constitutional rights.

members).  During the sidebar questioning, which concerned only limited topics, defense counsel was given an opportunity to question each of the prospective jurors at the bench; and defense counsel did question many of them.

After the sidebar conference, defense counsel was also given some opportunity[7] to review his notes and to confer with Cuchet, who remained present during the peremptory-strike phase of jury selection.  See United States v. Willis, 759 F.2d 1486, 1500 (11th Cir. 1985) (stating that, even assuming a Rule 43 violation based on defendants' exclusion from in-chambers voir dire, error was harmless: defense counsel thoroughly questioned venire members, court granted recess to allow defendants to talk to counsel, and strikes were exercised in court in presence of defendants).  And, considering the trial record, the evidence against Cuchet -- particularly the testimony of Gorecki, Parra, and Siple -- was overwhelming.[8]  See United States v. Guzman, 167 F.3d 1350, 1353 (11th Cir. 1999) ("Overwhelming evidence of guilt is one factor that may be considered in finding harmless error.").

---

[7]How long Cuchet was given to confer with his counsel is unclear.  Although the proceedings were not formally recessed, the record reflects that the court did give the lawyers some time to deliberate before making their juror selections.  Cuchet argues that he was only given about five minutes, but he does not say that he asked the district judge for more time.

[8]The government's evidence also included tape-recorded conversations among Cuchet, Parra and Siple about drug transactions.

The district court thus did not commit reversible error in this case. The judgment of the district court must be AFFIRMED.

AFFIRMED.