[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 8, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-13961
Non-Argument Calendar

D.C. Docket No. 04-00004-CR-FTM-29SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT R. CURTIS,
a.k.a. Play,

Defendant-Appellant.

Appeal from the United States District Court for the
Middle District of Florida

**(June 8, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Robert R. Curtis appeals his 169-month sentence for the distribution of cocaine base, in violation of 21 U.S.C. § 841. Curtis entered a guilty plea without a plea agreement, which the district court accepted. At sentencing, the court calculated Curtis's base offense level on the basis of (1) his three prior convictions for the sale of cocaine, which qualified him for career offender status under U.S.S.G. § 4B1.1, and (2) the fact that Curtis's instant offense of conviction carried a maximum sentence of 20 years. *See* U.S.S.G. § 4B1.1(b) (instructing that the offense level be set at the greater of either the offense level for a career offender under § 4B1.1 or the offense level otherwise applicable).

Curtis argued at sentencing that *Blakely v. Washington* prohibits federal courts from sentencing defendants based on uncharged relevant conduct that is neither stipulated to by the defendant nor proven to a jury beyond a reasonable doubt. *See* 542 U.S. ___, 124 S. Ct. 2531 (2004). Thus, he argues, the guideline provisions that allow for such enhancements are unconstitutional. Curtis further argues that the reasoning behind exempting prior convictions from the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), has been undermined by subsequent cases. Curtis thus claims that even if the fact of a prior conviction is exempted from the *Blakely* rule, the career offender provision

2

in U.S.S.G. § 4B1.1 does not survive constitutional scrutiny because his sentence was increased based on additional facts that were not charged in the indictment or stipulated to at the plea hearing. The facts with which he takes issue are: (1) he was at least 18 years old when he committed the instant offense, (2) the instant offense was a felony involving a controlled substance, and (3) Curtis had two prior felony convictions that were either crimes of violence or controlled substance offenses. Curtis also argues that, apart from his sentencing enhancement, the sentencing court erroneously believed that it had no authority to impose a lesser sentence than the guidelines required and, thus, sentenced Curtis under an incorrect legal standard.

In the post-*Booker* era, we have explained that there are two types of *Booker* error: (1) a Sixth Amendment error–that is, imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury, and (2) statutory error–being sentenced under a sentencing guidelines scheme that is mandatory. *United States v. Shelton*, 400 F.3d 1325, 1330–31 (11th Cir. 2005).

A.    Sixth Amendment Error

U.S.S.G. § 4B1.1(a) states: "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the

3

instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." If a court finds a defendant to be a career offender under § 4B1.1(a), the defendant's offense level is enhanced under § 4B1.1(b). *See* U.S.S.G. § 4B1.1(b) (setting the base offense level at the greater of either the offense level for a career offender under § 4B1.1 or the offense level otherwise applicable).

In *Booker*, the Supreme Court "left undisturbed its holding in [*Almendarez-Torres*], that recidivism is *not* a separate element of an offense that the government is required to prove beyond a reasonable doubt." *United States v. Orduno-Mireles*, No. 04-12630, slip op. at 1792 (11th Cir. Apr. 6, 2005); *see also United States v. Camacho-Ibarquen*, 404 F.3d 1283, 1290 (11th Cir. 2005). Moreover, the Court reaffirmed *Apprendi*'s holding that "[a]ny fact (*other than a prior conviction*), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Orduno-Mireles*, No. 04-12630, slip op. at 1792. Accordingly, in *Orduno-Mireles* we observed that "the Court's holding in *Booker* . . . is not implicated when a

4

defendant's sentence is enhanced based on a prior conviction." *Id.*; *see also*

*United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004).

Because *Almendarez-Torres* remains good law, the sentencing court did not

err in finding that Curtis should receive an enhancement pursuant to § 4B1.1 as a

career offender based on his prior convictions.

To the extent that the Supreme Court's recent decision in *Shepard* arguably

undermined *Almendarez-Torres*, that decision does not undermine our outcome

here. *See Shepard v. United States*, __ U.S. __, 125 S. Ct. 1254 (2005). Curtis

stated at sentencing that he had "no factual objections" to the presentence

investigation report. Therefore, the sentencing court did not resolve disputed

facts, but based its sentence on admitted facts. *See Shepard*, 125 S.Ct. at 1263;

*see also United States v. Burge*, No. 04-13468, manuscript op. at 17 (11th Cir.

May 2, 2005) (noting that the defendant had waived his objections to the factual

statements in the presentence investigation report and, therefore, had "admitted"

those facts). Moreover, there is no doubt that the prior offenses, of which there

were many more than the two required, were felonies involving controlled

substances. Suffice it to say that, in this case, we are not presented with an

opportunity to determine the implications and reach of *Shepard*. Thus, we

conclude that the district court's use of prior convictions to enhance Curtis's sentence did not violate the Sixth Amendment.

B.    Statutory Error

Due to the nature of the Supreme Court's *Booker* remedy, we have concluded that a district court has committed *Booker* error whenever it sentences a defendant under a mandatory guidelines scheme, even in the absence of a Sixth Amendment error.  *Shelton*, 400 F.3d at 1330–31.

Next we consider whether the error was harmless.  When an error is nonconstitutional, it is harmless if it does not affect the substantial rights of the parties.  *See* 28 U.S.C. § 2111; *United States v. Guzman*, 167 F.3d 1350, 1353 (11th Cir. 1999).  "[A] nonconstitutional error requires reversal only if it resulted in actual prejudice because it had substantial and injurious effect."  *Guzman*, 167 F.3d at 1353 (internal quotations and citation omitted).  The government bears the burden of showing that the error did not affect Curtis's substantial rights.  *United States v. Hernandez*, 160 F.3d 661, 670 (11th Cir. 1998).  The government has met its burden.

First, the district court imposed a sentence in the middle of the guidelines range.  The court could have sentenced Curtis to a sentence on the low end of the spectrum, but did not do so.  Second, the court could have departed from the

guidelines pursuant to U.S.S.G. § 4A1.3, but declined defense counsel's invitation to do so. When defense counsel asked the court to find that Curtis's criminal history category overrepresented his actual criminal history, which counsel characterized as "consistent with somebody who is simply trying to support their own habit," the court declined. Citing the pattern of criminal activity beginning in 1984 and progressing since then, the court denied defense counsel's motion to depart downward. The record establishes that, even though the district court committed statutory *Booker* error, that error was harmless because it did not have a substantial and injurious effect on Curtis's sentence.

For the foregoing reasons, we affirm the district court's sentence.

**AFFIRMED.**