[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS K. KAHN
CLERK

No. 04-15652
Non-Argument Calendar
_____

D.C. Docket No. 04-60094-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS CARO,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 23, 2005)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Luis Caro appeals his 87-month sentence, imposed after he pled guilty to

one count of conspiring to import one kilogram or more of heroin, in violation of

21 U.S.C. §§ 952(a), 960(b)(1)(A), and 963. On appeal, Caro maintains that, under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005), the district court lacked the authority to enhance his sentence based on facts not reflected in a jury verdict or admitted by Caro. Caro contends that the sentencing court enhanced his offense level after determining that he possessed between three and ten kilograms of heroin, even though that amount was not charged in the indictment nor found by a jury beyond a reasonable doubt. Accordingly, Caro argues that his Fifth and Sixth Amendment rights were violated.

"[A] constitutional objection that is timely. . . receives the benefit of preserved error review." United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir. 2001). Because Caro objected below, both in his objections to the presentence investigation report ("PSI") and again at sentencing, that the district court violated his Sixth Amendment rights under Blakely by calculating his offense level based on an amount of drugs to which he did not stipulate, he raised a timely constitutional objection and is entitled to preserved error review. See id.

We review preserved constitutional errors de novo, but "will reverse only for harmful error." See United States v. Sanchez, 269 F.3d 1250, 1272 (11th Cir.

2

2002) (en banc). Non-constitutional error is harmless when it does not affect the substantial rights of the parties. See 28 U.S.C. § 2111; United States v. Guzman, 167 F.3d 1350, 1353 (11th Cir.1999). Under this standard, we must reverse "only if [the error] resulted in actual prejudice because it had substantial and injurious effect or influence" on Caro's sentence. See id. (internal quotation marks omitted); see also Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239 (1946).

There was error here because Caro was sentenced under a mandatory guidelines system.[1] See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). However, when the district court sentenced Caro, it sentenced Caro in the alternative to 87 months "strictly under the statute," in the event that the Supreme Court found the guidelines unconstitutional. The court's comment establishes that the mandatory nature of the guidelines in place at the time of sentencing did not affect Caro's sentence. See United States v. Petho, __ F.3d __, 2005 WL 1160640 (11th Cir. May 18, 2005) (finding error harmless because district court stated that it would sentence to the same number of months if the guidelines were not binding). Thus, we find that the Booker error was harmless.

**AFFIRMED**.

---

[1] There was no constitutional error in this case because Caro admitted at his change of plea hearing the amount of drugs that was used to determine his offense level. See United States v. Petho, __ F.3d __, 2005 WL 1160640, at 2 n.1 (11th Cir. May 18, 2005).