[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 04-16376
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-00586-CR-BBM-1-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JAIMES CAMBRAY,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-----------------------------------------------------------------

**(March 20, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jose Jaimes Cambray appeals his 228-month sentence imposed after he pleaded guilty to one count charging a drug trafficking conspiracy, three counts charging substantive drug trafficking offenses, and one count charging possession of a firearm in furtherance of a drug trafficking crime. Defendant contends the district court committed Booker error, United States v. Booker, 125 S.Ct. 738 (2005),[1] when it calculated his sentence based on drug quantities greater than the quantities charged in the indictment and to which Defendant pleaded guilty. Defendant's constitutional claims were raised timely in the district court and, as such, are preserved for our review. We vacate and remand for resentencing.

Defendant argued at sentencing and argues again on appeal that, consistent with his constitutional rights, he may be sentenced based on drug quantities no greater than those charged in the indictment to which he pleaded guilty. According to Defendant, because the drugs associated with the substantive counts in the indictment totaled 1,000 grams of methamphetamine and 500 grams of cocaine, Defendant's offense level under the guidelines, before credit for

_____

[1]Booker was decided by the Supreme Court after Defendant was sentenced. At sentencing, Defendant raised his constitutional claims based on Blakely v. Washington, 124 S.Ct. 2531 (2004). Because the Booker decision applies to all cases on direct review, we apply Booker to this appeal. Booker, 125 S.Ct. at 769.

acceptance of responsibility, was level 32.  Based on this level 32 calculation, Defendant's criminal history category of I, and application of a three- point credit for acceptance of responsibility, Defendant's guidelines sentence was less than the 10-year mandatory minimum.  Defendant contends his sentence can be no greater than the 10-year mandatory minimum plus the consecutive five-year sentence for the weapons offense.

Instead, the district court held Defendant accountable for drug quantities stated in the PSI and calculated sentence based on almost 16,000 grams of methamphetamine and almost 1600 grams of cocaine.  Over the government's objection, the district court gave Defendant a three-point reduction for acceptance of responsibility.  Based on this drug quantity, Defendant's acceptance of responsibility, and a criminal history category of I, Defendant's guideline range was 168 to 210 months, plus the consecutive five-year sentence for the weapons offense.  Defendant was sentenced to 168 months imprisonment for the drug offenses, to be followed by 60 months, for a total of 228 months imprisonment.

We see no merit in Defendant's constitutional claims.  Although Defendant argues to the contrary, Defendant admitted to the additional drug amounts during the plea colloquy.  Before Defendant's guilty plea was accepted by the court, the government stated that the evidence at trial would show that at least 500 grams of

cocaine and 39 pounds of methamphetamine was recovered from Defendant's apartment,[2] and additional methamphetamine (approximately one pound or .454 kg) was seized as a result of the LaBarca transaction. Although the district court did not question Defendant about the exact drug amounts in the government's factual proffer, the Defendant did admit expressly his responsibility for these drugs. And, even at sentencing, Defendant made no objection to the drug quantities set out in the PSI on factual grounds; he objected on constitutional grounds to an enhancement for quantities beyond those charged in the indictment. When a defendant admits to the facts that enhanced his sentence, no Sixth Amendment violation under Booker can be shown. Booker, 125 S.Ct. at 756 (reaffirming that facts used to enhance a sentence, other than a prior conviction, must be proved to a jury beyond a reasonable doubt or admitted by the defendant); see United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). And, a defendant's failure to dispute drug-quantity facts contained in the PSI operates as an admission of those facts for Booker purposes. See id.

Although we conclude that the sentencing court committed no constitutional Booker error, two kinds of sentencing error may be claimed under Booker:

---

[2]Laboratory reports show that the actual amount of methamphetamine seized from Defendant's apartment was 33.869 pounds, not 39 pounds. The PSI calculated Defendant's sentence based on the actual amounts set out in the laboratory reports.

constitutional and statutory.  See, e.g., United States v.Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005).  "[C]onstitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge." Shelton, 400 F.3d at 1331 (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005)).  Statutory Booker error occurs when the district court misapplies the guidelines by considering them as binding "even in the absence of a Sixth Amendment enhancement violation." Shelton, 400 F.3d at 1330-31.  Because the district court sentenced Defendant under a mandatory guidelines system, statutory Booker error has been shown.

We apply preserved error review to a statutory Booker claim if defendant preserved a constitutional claim by "citation to Apprendi or to other cases in that line of cases."  United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir. 2005).[3] Statutory Booker error requires reversal "only if [the error] resulted in actual prejudice because it had substantial and injurious effect or influence in determining the [result ]."  United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005) (quoting United States. v. Guzman, 167 F.3d 1350, 1353 (11th Cir. 1999)).  The government bears the burden to show the absence of effect of the

---

[3]We apply preserved error review when considering both constitutional and statutory Booker error when, as here, the defendant made a constitutional Booker objection in the district court and his initial appellate brief was filed before our decision in Shelton.

statutory error on the defendant's substantial rights.  <u>Mathenia</u>, 409 F.3d at 1292.

A sentence is due to be affirmed if it can be said "'with fair assurance ... that the

[sentence] was not substantially swayed by the error.'" <u>Id</u>. (quoting <u>United States

v. Hornaday</u>, 392 F.3d 1306, 1315-16 (11th Cir. 2004).

     From our review of the record we can not say with fair assurance that

Defendant's sentence was not substantially impacted on by the statutory <u>Booker</u>

error. What sentence the district court would have imposed had it considered the

guidelines advisory and had properly considered the factors in 18 U.S.C. § 3553(a)

is unknown and unknowable.  The government failed to carry its burden of

showing that the error was harmless.  Accordingly, we vacate Defendant's

sentence and remand for resentencing consistent with <u>Booker</u>.

     **VACATED and REMANDED.**