[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14176
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20101-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL NUNEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 7, 2011)

Before EDMONDSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Rafael Nunez appeals his convictions for health care fraud, in violation of 18 U.S.C. §§ 1347 and 2. Nunez asserts the district court abused its discretion when it excluded evidence of Marcel Li's prior criminal convictions for medicare fraud and money laundering, and Alberto Valdes' prior criminal conviction for money laundering.[1] Nunez claims this evidence would have supported his defense that he had no knowledge of the fraud, and that he was duped into the scheme by these two "professional con-artists." After review, we affirm Nunez's conviction.[2]

The district court did not abuse its discretion when it excluded Li and Valdes' prior criminal convictions. First, as conceded by Nunez, the convictions were not admissible under Fed. R. Evid. 404(b). Further, the evidence was not offered to attack the credibility of Li or Valdes, who were not witnesses at trial and did not make statements submitted into evidence. *See* Fed. R. Evid. 609. Lastly, the evidence was not relevant to an issue at trial because it was not probative of whether Nunez was unaware of the charged fraud as he contended. Notably, Nunez offered other evidence showing that Li and Valdes were involved in the offense, which the Government did not dispute. Accordingly, we affirm

---

[1]Nunez claims Li and Valdes were the masterminds behind the fraudulent scheme. Li and Valdes were not charged in the indictment and did not testify at Nunez's trial.

[2]We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Docampo*, 573 F.3d 1091, 1096 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 2342 (2010).

Nunez's convictions.[3]

**AFFIRMED.**

---

[3]We note that even if the district court erred in excluding the evidence, the error was harmless as there was overwhelming evidence of Nunez's guilt, and the jury did not find credible his defense that he was merely a "patsy" of Li and Valdes. *See United States v. Guzman*, 167 F.3d 1350, 1353 (11th Cir. 1999) ("[o]verwhelming evidence of guilt is one factor that may be considered in finding harmless error."); *see also United States v. Phaknikone*, 605 F.3d 1099, 1109 (11th Cir. 2010) (holding that an evidentiary error is harmless if it did not have a "substantial and injurious effect" on the jury's verdict).