[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12584
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:09-cr-00245-WSD-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG COURTNEY CARROLL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 12, 2012)

Before EDMONDSON, BLACK, and WILSON, Circuit Judges.

PER CURIAM:

Craig Courtney Carroll appeals his convictions and 295-month total

sentence for interference with interstate commerce through robbery (Count 1), use

of a firearm during a crime of violence (Count 2), and possession of a firearm by a convicted felon (Count 3), in violation of 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(ii), 1951.  Based on the evidence presented at trial, Carroll robbed an armored car at gunpoint when it stopped to deliver money to a convenience store.  No reversible error has been shown; we affirm.

On appeal, Carroll argues that the district court erred in denying his motion for judgment of acquittal based on his claim that the indictment was amended impermissibly.  We review de novo the district court's denial of a motion for judgment of acquittal.  United States v. Ward, 486 F.3d 1212, 1220 (11th Cir. 2007).  And we review de novo the sufficiency of an indictment.  United States v. Wayerski, 624 F.3d 1342, 1349 (11th Cir. 2010).

The Fifth Amendment guarantees that a defendant can be convicted only of crimes charged in the indictment.  Ward, 486 F.3d at 1226.  Thus, the constructive amendment of an indictment -- which occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment" -- constitutes per se reversible error.  Id. at 1226-27.  A variance, on the other hand, requires reversal only if the defendant establishes that the variance substantially prejudiced his essential rights.  Id. at 1227.  A variance "occurs when the facts proved at trial

2

deviate from the facts contained in the indictment but the essential elements of the offense are the same." Id.

Here, Count 1 of Carroll's indictment alleged that he stole money "belonging to" Dunbar Armored Car Company, but the evidence introduced at trial established that the stolen money belonged to the convenience store owner. Based on this discrepancy, Carroll moved for judgment of acquittal, arguing that the government failed to prove that he was guilty of Count 1 as charged.[1] The district court denied Carroll's motion, concluding that the language about the ownership of the money could be ignored as surplusage. We agree.

Carroll does not dispute that the indictment alleged both essential elements of a section 1951(a) violation, including that he committed a robbery and that the robbery had an effect on interstate commerce. See United States v. Dean, 517 F.3d 1224, 1227-28 (11th Cir. 2008) (explaining that "[t]o obtain a conviction for conspiring to interfere with interstate commerce through robbery, in violation of [section 1951(a)], the government need only prove a robbery and effect on commerce."). Meanwhile, ownership of the stolen property is not an essential element of that offense. See id. Thus, that portion of Carroll's indictment was

---

[1] Carroll also argues that his conviction for use of a firearm during a crime of violence, pursuant to 18 U.S.C. § 924(c), is invalid because it relied on his conviction in Count 1 as an underlying offense.

"unnecessary to and independent of the allegations of the offense" and could be ignored. See Ward, 486 F.3d at 1227.

Because submission of Carroll's case to the jury -- despite evidence that Dunbar did not in fact own the stolen money -- did not alter the essential elements of the offense, it did not constitute a constructive amendment. See id. at 1226. It did, however, constitute a variance because the facts proved at trial deviated from those alleged in the indictment. See id. at 1227. Carroll fails, however, to argue on appeal either that he was substantially prejudiced by the variance or that the surplusage should not have been ignored. Thus, he abandons those arguments and fails to demonstrate reversible error. See id.; United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

Carroll also argues that the district court abused its discretion when it excluded the polygraph test results of a government witness, which Carroll sought to introduce for impeachment purposes. We review a district court's decision to exclude the results of a polygraph test for abuse of discretion. United States v. Henderson, 409 F.3d 1293, 1303 (11th Cir. 2005). Polygraph results may be introduced for impeachment purposes only if, among other things, the evidence is admissible under the Federal Rules of Evidence. Id. at 1302.

We are unpersuaded that the district court abused its discretion in refusing to admit the polygraph results into evidence. First, Carroll sought to introduce the polygraph results during the cross-examination of a government witness who neither discussed the polygraph test during his direct examination nor had personal involvement with administering the test. As such, Carroll's line of questioning was outside the scope of cross-examination; and the district court had discretion to exclude the evidence.[2] See Fed.R.Evid. 611(b); United States v. Guzman, 167 F.3d 1350, 1352 (11th Cir. 1999) (noting that "[a] district court has wide discretion to control the cross-examination of witnesses"). Second, it was within the district court's discretion to exclude the polygraph evidence as unreliable under Fed.R.Evid. 702 and unduly prejudicial under Fed.R.Evid. 403, particularly when no expert witness was present to explain the meaning of and context of the results. See United States v. Gilliard, 133 F.3d 809, 812 (11th Cir. 1998) (concluding that the district court did not abuse its discretion in refusing to admit polygraph evidence that it determined was inadmissible under Rules 403 and 702).

AFFIRMED.

---

[2] Although the district court did not expressly rely on this reason in its ruling, we may affirm "for any reason supported by the record." See United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).