[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15854
Non-Argument Calendar
_____

D.C. Docket No. 9:09-cv-80524-WJZ

SECURITIES & EXCHANGE COMMISSION,

Plaintiff - Appellee,

versus

FRANK C. CALMES,
et al.,

Defendants,

MANNY J. SHULMAN,
KRYSTAL A. BECNEL,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 30, 2012)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Manny Shulman and his wife, Krystal Becnel, appeal the judgment against them in a civil enforcement action by the Securities and Exchange Commission. A jury found that Shulman offered and sold unregistered securities in violation of Section 5(a) and (c) of the Securities Exchange Act, 15 U.S.C. § 77e(a), (c), and made false statements in connection with some of those sales in violation of Section 10(b) of the Act, id. § 78j(b), and accompanying Rule 10b-5, 17 C.F.R. § 240.10b-5. The district court imposed civil penalties against Shulman and ordered both Shulman and Becnel, a relief defendant, to disgorge the proceeds of the securities fraud. Shulman and Becnel argue that the district court erred when it refused to grant them a continuance of their trial and limited their cross-examination of a hostile witness. We affirm.

We review for abuse of discretion both rulings of the district court. "[T]he denial of a continuance is within the broad discretion of the district court and will not be overturned unless arbitrary or unreasonable." Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1351 (11th Cir. 2003) (internal quotation marks omitted). And the district court exercises "wide discretion to control the cross-examination of witnesses." United States v. Guzman, 167 F.3d 1350, 1352 (11th Cir. 1999).

The district court acted within its discretion to deny Shulman and Becnel's motion to continue, which was filed less than a week before their trial. The factors

2

that we consider in reviewing that decision include (1) whether the appellants were diligent in preparing for trial; (2) "how likely it is that the need for a continuance could have been met if the continuance had been granted"; (3) "the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses"; and (4) "the extent to which the appellant might have suffered harm as a result of the . . . denial." Quiet Tech., 326 F.3d at 1351. All these factors weigh against Shulman and Becnel. Shulman and Becnel's attorney withdrew nearly nine months before trial, yet Shulman and Becnel proceeded pro se assuming that they would reach a settlement with the Commission. When negotiations disintegrated a week before trial, Shulman and Becnel retained counsel and requested a 45-day continuance, but counsel had not filed a notice of appearance and allegedly was on vacation. See United States v. Baker, 432 F.3d 1189, 1250–51 (11th Cir. 2005). The district court had scheduled the trial nearly a year in advance, and the Commission had witnesses travel from out of state. See Morris v. Slappy, 461 U.S. 1, 11, 103 S. Ct. 1610, 1616 (1983). Shulman and Becnel argue about being "deprived of necessary witnesses," but Shulman and Becnel squandered the additional time given them during a recess to subpoena their codefendants as witnesses. The denial of a continuance was neither arbitrary nor unreasonable.

3

The district court also acted well within its discretion during Shulman's cross-examination of Dr. Marvin Reisch.  Reisch, a former associate of Shulman who had lost his office for his ophthalmology practice while involved in one of Shulman's failed schemes, was a hostile witness who was prone to providing unresponsive and narrative answers.  On cross-examination, Reisch argued with and interrupted Shulman.  To ensure that Reisch's conduct did not overwhelm the cross-examination, the district court reminded Reisch repeatedly to answer questions directly and succinctly, and the court restated questions to elicit responses from Reisch.  The district court has the authority to manage its courtroom to ensure that the examination of witnesses is "effective for determining the truth" and does not "wast[e] time," Fed. R. Evid. 611(a), and Shulman acknowledges that the district court acted primarily in his interest to "get Reisch to testify."  Shulman complains that being instructed to "move on[] le[ft] critical matters . . . [about] Reisch's credibility unanswered," but Shulman fails to identify what "critical matters" were unanswered or how it prejudiced his defense.  The district court acted within its discretion by instructing Shulman periodically to "move on" when he asked repetitive questions, which did not impair Shulman's ability to explore Reisch's bias or other issues affecting his credibility, including his medical practice and other lawsuits against him.  See United States v. Maxwell, 579 F.3d 1282, 1296 (11th Cir. 2009).

4

We **AFFIRM** the judgment against Shulman and Becnel.