[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14109

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLES BRIAN STABLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00067-TFM-B-1

_____

Before NEWSOM, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Charles Stabler appeals his convictions for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He argues that the district court erred in admitting evidence under Federal Rule of Evidence Rule 404(b) ("Rule 404(b)") of his prior convictions as well as evidence of his controlled buy and flight from law enforcement. Stabler contends that the cumulative impact of the Rule 404(b) evidence was unfairly prejudicial and such prejudice was not cured by the district court's limiting jury instruction. Having reviewed the record and read the parties' briefs, we affirm Stabler's convictions.

## I.

We review the admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Culver*, 598 F.3d 740, 747 (11th Cir. 2010). "[T]he district court is uniquely situated to make nuanced judgments on questions that require the careful balancing of fact-specific concepts like probativeness and prejudice, and we are loathe to disturb the sound exercise of its discretion in these areas." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (quotation marks omitted). We will reverse a district court's erroneous evidentiary ruling only if the error was not harmless. *United States v. Bradley*, 644 F.3d 1213, 1270 (11th Cir. 2011). Under that standard, reversal is warranted only if the error "resulted in actual prejudice because it had substantial and injurious effect or influence in

determining the jury's verdict." *United States v. Guzman*, 167 F.3d 1350, 1353 (11th Cir. 1999) (quotation marks omitted). "Overwhelming evidence of guilt is one factor that may be considered in finding harmless error." *Id.*

"[W]hen a party raises a claim of evidentiary error for the first time on appeal, we review it for plain error only." *United States v. Harris*, 886 F.3d 1120, 1127 (11th Cir. 2018) (quotation marks omitted). Plain error occurs only if (1) there was error, (2) it was plain, (3) it affected the defendant's substantial rights, and (4) it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (quotation marks omitted). To affect a defendant's substantial rights, the defendant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194, 136 S. Ct. 1338, 1343 (2016) (quotation marks omitted). "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

We review alleged errors in a jury instruction to determine whether the district court's charge, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues involved and were not misled. *United States v. Shores*, 966 F.2d 1383, 1386 (11th Cir. 1992). Where the defendant challenges the

instructions as read, we review the legal correctness of a jury instruction *de novo* but defer to the district court on questions of phrasing absent an abuse of discretion. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). However, where the defendant makes no specific objection to the jury charge at trial, we review the claim for plain error. *United States v. Schlei*, 122 F.3d 944, 973 (11th Cir. 1997).

## II.

On appeal, Stabler challenges the district court's admission of evidence under Rule 404(b), and its jury instructions. Specifically, Stabler contends that the district court abused its discretion in allowing the government to admit evidence of: (1) his guilty plea to unlawful distribution of a controlled substance in a 1996 state case; (2) his conviction of conspiracy to possess with intent to distribute cocaine in a 1997 federal case; (3) his sale to a confidential informant ("CI") of 0.8 grams of methamphetamine in 2019; and (4) his flight from law enforcement in 2019 when officers found methamphetamine and paraphernalia in his abandoned car. Stabler asserts that evidence of his prior convictions was not admissible because the convictions from over 20 years ago were temporally removed from the charged offenses; Stabler was 19 years old at the time of the state conviction; the convictions were not similar factually to the charged offenses; the convictions were cumulative; and the convictions were unfairly prejudicial.

Stabler also contends that the evidence of the prior bad acts from May 2019 was not admissible because the government did not

prove Stabler committed the controlled buy; the flight from police was irrelevant to the charged offenses and incited the jury; all the May 2019 evidence was unfairly prejudicial and confused the issues at trial; and Stabler was denied the full panoply of pretrial and trial rights. Further, Stabler argues that the cumulative impact of all the Rule 404(b) evidence was unfairly prejudicial, and the unfairly prejudicial impact of the evidence was not cured by the court's limiting instructions.

Rule 404(b) prohibits the introduction of evidence of a "crime, wrong, or act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). It does, however, allow such evidence for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"Rule 404(b) is a rule of inclusion, and . . . accordingly 404(b) evidence, like other relevant evidence, should not be lightly excluded when it is central to the prosecution's case." *United States v. Kapordelis*, 569 F.3d 1291, 1313 (11th Cir. 2009) (quotation marks omitted, alteration in original). We apply a three-part test to determine the admissibility of 404(b) evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) sufficient evidence must be presented for a jury to find by a preponderance of the evidence that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence

must satisfy Federal Rule of Evidence 403. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

"A defendant who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the government to prove intent; the government may meet this burden with qualifying 404(b) evidence." *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). To establish the relevance of other crimes' evidence offered as proof of intent, "it must be determined that the extrinsic offense requires the same intent as the charged offense." *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001) (quotation marks omitted). "Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance." *United States v. Barron-Soto*, 820 F.3d 409, 417 (11th Cir. 2016) (quotation marks omitted).

The government may introduce evidence of a defendant's intent "even where the prior conviction is many years old." *United States v. Smith*, 741 F.3d 1211, 1225-26 (11th Cir. 2013); *see also United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (finding admissible evidence of approximately fifteen-year-old marijuana dealings). However, "temporal remoteness depreciates the probity of the extrinsic offense." *United States v. Beechum*, 582 F.2d 898, 915 (5th Cir. 1978) (*en banc*).[1] Nonetheless, we have "refrained from adopting a bright-line rule with respect to temporal proximity

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

because decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value." *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005) (quotation marks omitted). When a substantial portion of the gap in time occurred while the defendant was incarcerated, the remote conviction is more likely to be probative. *See United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013). On the other hand, a defendant's youth at the time of the past offense may decrease its probity. *United States v. San Martin*, 505 F.2d 918, 923 (5th Cir. 1974).

Rule 404(b) does not apply to evidence that is intrinsic to the charged offenses. *United States v. Ford*, 784 F.3d 1386, 1393 (11th Cir. 2015). Evidence is intrinsic and outside the scope of Rule 404(b) when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *Edouard*, 485 F.3d at 1344 (quotation marks omitted). Evidence outside of the crime that pertains to the chain of events "explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or [if it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (quotation marks omitted). Similarly, evidence is inextricably intertwined with evidence of the charged offense when it constitutes an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted."

*United States v. Foster*, 889 F.2d 1049, 1053 (11th Cir. 1989) (quotation marks omitted).

Evidence of uncharged or past crimes, wrongs, or other acts, whether "inside or outside the scope of Rule 404(b), must still satisfy the requirements of Rule 403." *Edouard*, 485 F.3d at 1344. Rule 403 states that district courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Factors to be considered include the overall similarity of the extrinsic and charged offenses, the time separating the extrinsic and charged offenses, the government's need for the evidence, and "whether it appeared at the commencement of trial that the defendant would contest the issue" for which the evidence is to be used. *United States v. Dorsey*, 819 F.2d 1055, 1061 (11th Cir. 1987). Rule 403 is an extraordinary remedy that courts should employ "only sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (quotation marks omitted). Accordingly, we view the disputed evidence "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.* (quotation marks omitted).

A court's limiting instruction can reduce the risk of undue prejudice. *See United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005); *see also United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225

(11th Cir. 1993) (noting that, where the district court issued a limiting instruction both at the presentation of the evidence and in its final charge to the jury, "any unfair prejudice possibly caused by its introduction was mitigated"). A jury is presumed to follow limiting instructions. *United States v. Hill*, 643 F.3d 807, 829 (11th Cir. 2011).

"We review the cumulative impact of trial errors *de novo*, and reverse only if, in total, the non-reversible errors result in a denial of the constitutional right to a fair trial." *United States v. Maurya*, 25 F.4th 829, 842 (11th Cir. 2022) (quotation marks omitted). "Where there is no error or only a single error, there can be no cumulative error." *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011).

## III.

Based on the record, we conclude that the district court did not abuse its discretion in admitting the evidence under Rule 404(b) or in instructing the jury. The record indicates that the Rule 404(b) evidence was admissible because such evidence was relevant to a non-character issue, the government presented sufficient evidence to support a jury finding that the preponderance of the evidence established that the defendant committed the extrinsic acts, and the probative value of the evidence was not substantially outweighed by its undue prejudice. Because the district court did not err in admitting evidence of Stabler's prior convictions and did not err in admitting evidence of Stabler's controlled buy and flight from law enforcement, Stabler cannot prevail on his cumulative error argument. Moreover, upon review, we conclude that the district court's

10                    Opinion of the Court                    23-14109

jury instructions adequately diminished any unfair prejudice that may have resulted from the admission of the 404(b) evidence.

Accordingly, based on the aforementioned reasons, we affirm Stabler's convictions.

**AFFIRMED.**