[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 04-15933
Non-Argument Calendar

————————————————

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 07, 2005
THOMAS K. KAHN
CLERK**

D. C. Docket No. 04-00282-CR-CAP-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLENE ALVARADO,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

**(July 7, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Marlene Alvarado appeals her 46-month sentence for illegally reentering the

United States after being deported, in violation of 8 U.S.C. § 1326(a) and (b)(2).

On appeal, Alvarado argues that, in light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), the district court erred by imposing a 16-level enhancement to her offense level under the Federal Sentencing Guidelines, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), based on a finding that she previously had been deported after a conviction for a felony that is a drug trafficking offense, when this fact was not charged in the indictment, admitted to by her, or proven to a jury beyond a reasonable doubt. Alvarado also argues that the district court erred by sentencing her under a mandatory guidelines system.

We have explained that there are two types of *Booker* error: (1) a Sixth Amendment error–that is, imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury; and (2) statutory error–being sentenced under a sentencing guidelines scheme that is mandatory. *United States v. Shelton*, 400 F.3d 1325, 1330–31 (11th Cir. 2005).

I.  Sixth Amendment Error

Because Alvarado raised a constitutional objection to her sentence before the district court based on *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004), we review the constitutional issue *de novo*, but will reverse only for a harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). Constitutional error must be disregarded if the error is harmless beyond a

reasonable doubt. *United States v. Candelario*, 240 F.3d 1300, 1307 (11th Cir. 2001). In the instant case, we find no constitutional *Booker* error, so we need not reach whether the error is harmless beyond a reasonable doubt.

In *Booker*, the Supreme Court "left undisturbed its holding in [*Almendarez-Torres v. United States*, 523 U.S. 224, 227, 118 S. Ct. 1219, 1233 (1998)], that recidivism is *not* a separate element of an offense that the government is required to prove beyond a reasonable doubt." *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005). Moreover, the Court reaffirmed *Apprendi*'s holding that "[a]ny fact (other than a prior conviction), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* Accordingly, in *Orduno-Mireles* we observed that "the Court's holding in *Booker* . . . is not implicated when a defendant's sentence is enhanced based on a prior conviction." *Id.*

To the extent that the Supreme Court's recent decision in *Shepard* arguably undermined *Almendarez-Torres*, that decision does not undermine our outcome here. *See Shepard v. United States*, __ U.S. __, 125 S. Ct. 1254 (2005). Alvarado did not dispute her prior conviction. Accordingly, the sentencing court did not

3

resolve disputed facts, but based its sentence on admitted facts. *See Shepard*, 125 S. Ct. at 1263; *see also United States v. Burge*, 407 F.3d 1183, 1191 (11th Cir. 2005); *Shelton*, 400 F.3d at 1330. Therefore, in this case, we are not presented with an opportunity to determine the implications and reach of *Shepard*.

Because *Almendarez-Torres* remains good law after *Booker*, and because Alvarado's sentence was enhanced only based on the facts of her prior conviction, we hold that there was no Sixth Amendment violation when the district court enhanced Alvarado's sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). *See Orduno-Mireles*, 405 F.3d at 962.

## II. Statutory Error

Although the district court did not violate the Sixth Amendment in sentencing Alvarado, it did commit a statutory *Booker* error. Due to the nature of the Supreme Court's *Booker* remedy, we have concluded that a district court has committed *Booker* error whenever it sentences a defendant under a mandatory guidelines scheme, even in the absence of a Sixth Amendment error. *Shelton*, 400 F.3d at 1330–31.

When an error is nonconstitutional, it is harmless if it does not affect the substantial rights of the parties. *See* 28 U.S.C. § 2111; *United States v. Guzman*, 167 F.3d 1350, 1353 (11th Cir. 1999). "[A] nonconstitutional error requires

4

reversal only if it resulted in actual prejudice because it had substantial and injurious effect." *Guzman*, 167 F.3d at 1353 (internal quotations and citation omitted). The government bears the burden of showing that the error did not affect Alvarado's substantial rights. *United States v. Fern*, 155 F.3d 1318, 1327 (11th Cir. 1998). "The non-constitutional harmless error standard is not easy for the government to meet." *United States v. Mathenia*, __F.3d__, No. 04-15250, 2005 WL 1201455 at *2 (11th Cir. May 23, 2005). Here, the government has failed to meet its burden.

First, the government concedes in its brief that there was a statutory error, and therefore, does not even attempt to meet its burden to show that the error was harmless. Second, a review of the record reveals no indication of what sentence the district court would have imposed had it known the Guidelines were advisory only. Accordingly, because "[w]e simply do not know what the sentencing court would have done," the government has not met its burden to show that the error was harmless, we vacate Alvarado's sentence and remand to the district court for resentencing. *See United States v. Davis*, 407 F.3d 1269, 1271 (11th Cir. 2005).

For the foregoing reasons, we VACATE Alvarado's sentence and REMAND to the district court for re-sentencing consistent with the Supreme Court's decision in *Booker*.

**SENTENCE VACATED and REMANDED.**