[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 13, 2005
THOMAS K. KAHN
CLERK

No. 04-16737
Non-Argument Calendar

_____

D. C. Docket No. 04-00087-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER VARELA ALVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 13, 2005)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Francisco J. Valera Alvarez appeals his 57-month sentence imposed for

illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b).

Alvarez argues that the district court erred under *Blakely v. Washington*, 542 U.S.

__, 124 S. Ct. 2531 (2004), now *United States v. Booker*, 543 U.S. ___, 125 S. Ct.

738 (2005), when it sentenced him under the mandatory sentencing Guidelines

system. He contends that the government cannot prove that the error was harmless

because the court sentenced him to the lowest end of the guideline range and

denied his motion for downward departure based on lack of authority. Alvarez

further asserts that post-*Booker*, "under 18 U.S.C. § 3553(a)(6), the district court

must consider 'the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct'

such as availability of formal fast-track departure programs in only some districts."

We have explained that there are two types of *Booker* error: (1) a Sixth

Amendment error–that is, imposing a sentencing enhancement in a mandatory

Guidelines system based on judicial findings that go beyond the facts admitted by

the defendant or found by the jury; and (2) statutory error–being sentenced under a

sentencing Guidelines scheme that is mandatory. *United States v. Shelton*, 400

F.3d 1325, 1330–31 (11th Cir. 2005).

A.    Sixth Amendment Error

Since Alvarez raised his *Blakely/Booker* argument before the district court,

we review his *Booker* claims for harmless error. *See United States v. Paz*, 405

F.3d 946, 948 (11th Cir. 2005).

Constitutional error must be disregarded if the error is harmless beyond a reasonable doubt. *United States v. Candelario*, 240 F.3d 1300, 1307 (11th Cir. 2001). In the instant case, we find no constitutional *Booker* error, so we need not reach whether the error is harmless beyond a reasonable doubt.

In *Booker*, the Supreme Court "left undisturbed its holding in [*Almendarez-Torres v. United States*, 523 U.S. 224, 227, 118 S. Ct. 1219, 1233 (1998)], that recidivism is *not* a separate element of an offense that the government is required to prove beyond a reasonable doubt." *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005). Moreover, the Court reaffirmed *Apprendi*'s holding that "[a]ny fact (other than a prior conviction), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. Accordingly, in *Orduno-Mireles* we observed that "the Court's holding in *Booker* . . . is not implicated when a defendant's sentence is enhanced based on a prior conviction." *Id.*

To the extent that the Supreme Court's recent decision in *Shepard* arguably undermined *Almendarez-Torres*, that decision does not undermine our outcome here. *See Shepard v. United States*, 543 U.S. __, 125 S. Ct. 1254 (2005). Here,

3

Alvarez objects to the 16-level enhancement of his sentence based on his prior conviction of a crime of violence, specifically aggravated assault. However, in the Application Note of U.S.S.G. § 2L1.2, aggravated assault is referenced as a crime of violence. U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). Therefore, the district court did not make any qualitative factual findings with regard to Alvarez's prior conviction. As the district court did not look beyond the judicial record and the fact of Alvarez's prior conviction, its application of the 16-level enhancement was proper under *Almendarez-Torres* and did not implicate *Shepard*.

Because *Almendarez-Torres* remains good law, the district court did not err in finding that Alvarez should receive an enhancement based on his prior conviction. Thus, we conclude that the district court's use of prior convictions to enhance Alvarez's sentence under a mandatory Guidelines system did not violate the Sixth Amendment.

B.     Statutory Error

In *Shelton*, we implicitly held that when a defendant raised a *Blakely/Booker* constitutional claim in his initial brief, we should also consider whether there was statutory error. *See Shelton*, 400 F.3d at 1330; *see also United States v. Camacho-Ibarquen*, __ F.3d __, 2005 WL 1297236, No. 04-11155 (11th Cir. June 2, 2005). Thus, we consider this issue on appeal.

4

Although the district court did not violate the Sixth Amendment in sentencing Alvarez, it did commit a statutory *Booker* error. Due to the nature of the Supreme Court's *Booker* remedy, we have concluded that a district court has committed *Booker* error whenever it sentences a defendant under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment error. *Shelton*, 400 F.3d at 1330–31.

When an error is nonconstitutional, it is harmless if it does not affect the substantial rights of the parties. *See* 28 U.S.C. § 2111; *United States v. Guzman*, 167 F.3d 1350, 1353 (11th Cir. 1999). "[A] nonconstitutional error requires reversal only if it resulted in actual prejudice because it had substantial and injurious effect." *Guzman*, 167 F.3d at 1353 (internal quotations and citation omitted). The government bears the burden of showing that the error did not affect Alvarez's substantial rights. *United States v. Fern*, 155 F.3d 1318, 1327 (11th Cir. 1998). "The non-constitutional harmless error standard is not easy for the government to meet." *United States v. Mathenia*, __F.3d__, No. 04-15250, 2005 WL 1201455 at *2 (11th Cir. May 23, 2005). Here, the government has failed to meet its burden.

In sentencing Alvarez to the lowest point in the guideline range, the court commented that "the sentence addresses the seriousness of the offense and the

sentencing objectives of punishment, deterrence, and incapacitation." This is some evidence that the court would perhaps resentence Alvarez to the same term of incarceration after considering the factors in 18 U.S.C. § 3553(a). The court, however, made no other comment regarding the appropriateness of the sentence. Although the district court considered the sentence appropriate and did not express dissatisfaction with the Guidelines or desire to impose a lesser sentence, the district court did sentence Alvarez at the lowest end of the guideline range. The record does not show with fair assurance that the sentence was not substantially swayed by the court's application of the Sentencing Guidelines as mandatory as oppose to advisory. Therefore, the government has failed to show that the district court's error did not have a substantial and injurious effect on Alvarez's sentence.

We note the district court correctly calculated Alvarez's Guideline range of 57-71 months' imprisonment. *See United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005) (stating after *Booker*, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines"). Thus, on remand the district court is required to sentence Alvarez according to *Booker*, considering the Guidelines range of 57-71 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)."

6

*Booker*, 125 S. Ct. at 757.[1]

For the foregoing reasons, we VACATE Alvarez's sentence and REMAND to the district court for re-sentencing consistent with the Supreme Court's decision in *Booker*.

**SENTENCE VACATED and REMANDED.**

---

[1] We do not mean to imply by our holding that on remand the district court must first impose a lesser sentence. Rather, we merely hold the Government has not met its burden to show the statutory error was harmless. We also will not attempt to decide now whether a particular sentence below the Guideline range might be reasonable in this case.