[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 9, 2005
THOMAS  K. KAHN
CLERK

No. 04-16339
Non-Argument Calendar

_____

D.C. Docket No. 04-00031-CR-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOISE MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(September 9, 2005)**

Before BIRCH, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Moise Martinez appeals his 46-month sentence for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), and 846. Martinez argues on appeal that the district court committed reversible error in sentencing him under the then-mandatory United States Sentencing Guidelines ("federal guidelines"), in light of Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). For the reasons set forth more fully below, we vacate Martinez's sentence and remand for resentencing consistent with the Supreme Court's decision in Booker.

A federal grand jury returned a superseding indictment against Martinez, charging him with the above-referenced offense. This superseding indictment did not include a drug amount, other than the statutory amount of 50 grams or more of methamphetamine. Martinez subsequently pled guilty to this conspiracy offense, without the benefit of a plea agreement. Martinez, however, stipulated in a "notice of essential elements, penalty and factual basis" ("factual basis), to the specific amounts of drugs that he distributed. The court adjudicated him guilty.

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSI"), which included the following description of Martinez's offense

conduct. In June and July 2003, agents with the Drug Enforcement Administration ("DEA") obtained federally authorized wiretaps of Javier Barajas, from which they learned that Barajas and another individual were responsible for distributing marijuana, cocaine, and methamphetamine in the Central Florida area. Beginning in July 2003, DEA agents made seven separate controlled drug purchases from Martinez, who was working with his father, Nicholas Martinez-Gomez, the person who had purchased the drugs from Barajas. The PSI also included the drug amounts to which Martinez stipulated as part of the factual basis, that is, that he personally sold a total of 995 grams of cocaine hydrochloride, 2,682 grams of marijuana, and 162 grams of methamphetamine.

Based on this offense conduct, the probation officer determined that Martinez was responsible for a total equivalent amount of 525.56 kilograms of marijuana, and set his offense level at 28, pursuant to U.S.S.G. § 2D1.1(c)(6) (offense level applicable for offenses involving at least 400 kilograms, but less than 700 kilograms, of marijuana).[1] The probation officer also recommended a two-level decrease in this level, pursuant to U.S.S.G. § 2D1.1(b)(6) ("safety valve relief"), and a three-level downward adjustment, pursuant to U.S.S.G. § 3E1.1, for

---

[1] The PSI calculated this total drug amount by applying the drug equivalency table in U.S.S.G. § 2D1.1, and by converting the individual drug amounts to their marijuana equivalents.

acceptance of responsibility. With an adjusted offense level of 23, and a criminal history category of I, Martinez's resulting guideline range was 46 to 57 months' imprisonment. The probation officer also determined that no factors warranted a departure from this guideline range. Martinez raised no objections to the PSI.

On November 24, 2004, at sentencing, Martinez again stated that he had no objections to the PSI's factual statements and calculations, but he generally objected to the court's use of the federal guidelines, pursuant to the Supreme Court's decision in Blakely. The district court implicitly overruled Martinez's Blakely objection and adopted the PSI's contents. Martinez then moved the court either to depart downward from his guideline range or to sentence him at the bottom of this range, based on (1) Martinez's lack of a criminal history, and (2) the fact that his father encouraged him to become involved in the conspiracy.

Construing Martinez's oral departure motion as one made pursuant to U.S.S.G. § 5K2.0, the court determined that the motion had no legal basis and denied it. After giving Martinez the opportunity to allocute, and after confirming that neither party objected to a sentence at the low end of the guideline range, the court sentenced him to 46 months' imprisonment, 3 years' supervised release, 75 hours' community service, and a $100 special assessment fee. The court also denied Martinez's motion to surrender at a later date because (1) the government

had not consented to self-surrender, and (2) Martinez had continued using drugs while he was on supervised release pending sentencing. Martinez raised no objections to the court's pronouncement of sentence, other than those he raised during the hearing.

Filing his appeal brief after the Supreme Court issued its decision in Booker, Martinez argues on appeal that the court plainly erred in sentencing him based on the then-mandatory federal guidelines. Martinez contends that the court violated the Sixth Amendment by holding him accountable for more than the amount of drugs that was charged in his indictment, and by determining that it could not depart based on the fact that Martinez's father encouraged him to join the conspiracy. Martinez also asserts that his substantial rights were violated because his sentence was "based in part upon misinformation of a constitutional magnitude," and because the district court should have been given the opportunity to sentence him properly under Booker. Moreover, he summarily asserts that his sentence resulted in manifest error. Finally, Martinez generally contends that resentencing is mandated because (1) the federal drug laws under which he was sentenced are "violent and aggressive," and (2) his offense conduct involved non-violent criminal activity.

Although Martinez argues on appeal that our review is only for plain error, he properly preserved both his constitutional and non-constitutional Booker claims in the district court by citing to Blakely in his objection at sentencing. See United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir. 2005) (concluding that a defendant either must (1) refer to the Sixth Amendment; (2) Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or another related case; (3) assert his right to have the jury decide the disputed fact; or (4) raise a challenge to the role of the judge as factfinder to preserve a Blakely/Booker claim). Because Martinez timely raised a Blakely objection in the district court, we review his Blakely/Booker claim on appeal de novo, but reverse only for harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted). Under harmless-error review, the government carries the burden of proof. Id.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id., 530 U.S. at 490, 120 S.Ct. at 2362-63. Before Martinez's sentencing hearing, the Supreme Court revisited that rule in Blakely, in the context of Washington state's sentencing guideline scheme, and clarified that "the 'statutory

maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u> . . .. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without</u> any additional findings." <u>Blakely</u>, 542 U.S. at ___, 124 S.Ct. at 2537 (emphasis in original).

Applying these principles, the Supreme Court held that Blakely's sentence—which was enhanced under the state guidelines based on the sentencing court's additional finding by a preponderance of the evidence that Blakely committed his kidnaping offense with deliberate cruelty—violated the Sixth Amendment. <u>Id.</u> at ___, 124 S.Ct. at 2534-38. In a footnote, however, the Court explicitly remarked that "[t]he Federal Guidelines are not before us, and we express no opinion on them." <u>Id.</u> at ___ n.9, 124 S.Ct. at 2538 n.9.

While the instant case was pending on appeal, the Supreme Court issued its decision in <u>Booker</u>, finding "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in <u>Blakely</u>. <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 749. Resolving the constitutional question left open in <u>Blakely</u>, the Supreme Court held that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's

7

guarantee to the right to a jury trial.  <u>Id.</u> at ___,125 S.Ct. at 749-51.  In extending its holding in <u>Blakely</u> to the Guidelines, the Court explicitly reaffirmed its rationale in <u>Apprendi</u> that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  <u>Id.</u> at ___, 125 S.Ct. at 756.

In a second and separate majority opinion, the Court in <u>Booker</u> concluded that, to best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two specific sections—18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including <u>de novo</u> review of departures from the applicable guideline range)—thereby effectively rendering the Sentencing Guidelines advisory only.  <u>Id.</u> at ___, 125 S.Ct. at 764.  Thus, the guidelines range is now advisory; it no longer dictates the final sentencing result but instead is an important sentencing factor that the sentencing court is to consider, along with the factors contained in 18 U.S.C. § 3553(a).  <u>Id.</u> at ___, 125 S.Ct. at 764-65.

Following the Supreme Court's decision in <u>Booker</u>, in <u>United States v. Reese</u>, 397 F.3d 1337 (11th Cir. 2005), we re-examined on remand a defendant's

guideline sentence that had been enhanced, over objection, because the defendant had possessed a firearm in connection with another felony offense.  Id. at 1337.  Concluding that the defendant's sentence was in violation of the Sixth Amendment, we vacated and remanded his sentence and ordered resentencing consistent with the Supreme Court's opinions in Booker.  Id. at 1338.

In Paz, we similarly examined a Blakely/Booker challenge to a guideline enhancement based on the district court's factual finding on an amount of loss involved in an offense.  Paz, 405 F.3d at 947.  We determined that the defendant's sentence was erroneous because (1) it was based on judicially determined facts that were not admitted by the defendant, and (2) it was enhanced under a mandatory guidelines system.  Id. at 948.  Moreover, we concluded that the government could not prove that these errors were harmless because the sentencing transcript clearly showed that, had the district court treated the federal guidelines as advisory, the defendant's term of imprisonment would have been shorter.  Id. at 948-49.  We, therefore, vacated and remanded Paz's sentence for resentencing consistent with Booker.  Id. at 949.

Here, the court set Martinez's base offense level at 28, pursuant to U.S.S.G. § 2D1.1(c)(6), based on the fact that Martinez  was responsible for a total equivalent amount of 525.56 kilograms of marijuana.  Nevertheless, Martinez

admitted this drug amount as part of his factual basis, and by not disputing this fact at sentencing. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (concluding that sentence enhancement based on drug quantity did not violate Booker where the defendant did not dispute the facts in the PSI); United States v. Burge, 407 F.3d 1183, 1191 (11th Cir. 2005) (rejecting Booker challenge under plain-error review because the defendant admitted facts relating to his relevant conduct by abandoning at sentencing his objections to various factual statements in the PSI). Thus, the court's determination of drug amount did not result in a Sixth Amendment violation under Booker.

As the government concedes, however, the court sentenced Martinez with the understanding that the federal guidelines were mandatory, instead of advisory. A non-constitutional Booker error, therefore, occurred. See Shelton, 400 F.3d at 1330-31 (concluding that statutory error occurs when the district court sentences a defendant "under a mandatory [g]uidelines scheme, even in the absence of a Sixth Amendment enhancement violation").

We have determined that there are two harmless-error standards of review for Booker errors, dependent on whether the error is constitutional or statutory. See United States v. Mathenia, No. 04-15250, slip op. at 2328 (11th Cir. May 23, 2005). We explained in Paz—an appeal involving a constitutional Booker

10

error—that, when a constitutional <u>Booker</u> error occurs, the government only may

establish that it was harmless by showing, under a heightened standard, that "it is

clear beyond a reasonable doubt that the error complained of did not contribute to

the sentence obtained." <u>Paz</u>, 405 F.3d at 948 (internal quotation and marks

omitted). On the other hand, in <u>Mathenia</u>, we determined that

> non-constitutional error is harmless if, viewing the proceedings in
> their entirety, a court determines that the error did not affect the
> sentence, or had but very slight effect. If one can say with fair
> assurance that the sentence was not substantially swayed by the error,
> the sentence is due to be affirmed even though there was error.

<u>Mathenia</u>, No. 04-15250, slip op. at 2328-29 (internal quotations and marks

omitted).[2]

We further explained in <u>Mathenia</u> that "[t]he non-constitutional harmless

error standard is not easy for the government to meet. It is as difficult for the

government to meet that standard as it is for a defendant to meet the third-prong

prejudice standard for plain error review." <u>Id.</u> at 2329. Nevertheless, we

determined that the government had met this burden by citing to a statement by the

district court that, if the Supreme Court determined that the federal guidelines

---

[2] Phrasing this test conversely, we also have explained that non-constitutional error is harmless unless it "resulted in actual prejudice because it had substantial and injurious effect or influence in determining the [result]." <u>See</u> <u>United States v. Gallegos-Aguero</u>, No. 04-14242, slip op. at 2308 (11th Cir. May 18, 2005) (quoting <u>United States v. Guzman</u>, 167 F.3d 1350, 1353 (11th Cir. 1999)); <u>see</u> <u>also</u> <u>United States v. Petho</u>, No. 04-15412, slip op. at 2310-11 (11th Cir. May 18, 2005) (same).

11

were unconstitutional as mandatorily applied, the district court "nonetheless [would] consider the guidelines as—for their persuasive value or as advisory, and the sentence [the court] would impose would be the same." Id. We, therefore, concluded in Mathenia that the government "demonstrated with fair assurance that the district court's error of applying the guidelines in a mandatory fashion did not affect, or had but a slight affect, on [the defendant's] ultimate sentence." Id. at 2329-30.[3]

Because this case involves only a non-constitutional Booker error, we must apply the test discussed in Mathenia, instead of the "beyond a reasonable doubt" test discussed in Paz. The district court did not state that it would have imposed a lighter sentence, but for the mandatory nature of the federal guidelines. However, the court, without objection, sentenced Martinez at the bottom of his guideline range. But see United States v. Fields, No. 04-12486, slip op. at 2301 (11th Cir. May 16, 2005) (concluding, under plain-error review, that the fact that the defendant was sentenced at the bottom his mandatory guideline range, without more, is insufficient evidence for the defendant to satisfy the prejudice prong).

---

[3] In reaching this conclusion in Mathenia, we cited to our decision in United States v. Robles, No. 04-13598, slip op. at 2257-58 (11th Cir. May 10, 2005), in which we concluded—under the more stringent harmless error test for constitutional Booker error—that the error was harmless where the court unequivocally stated that its sentence would be the same even if the federal guidelines only were advisory. See Mathenia, No. 04-15250, slip op. at 2329.

Moreover, unlike the facts in <u>Mathenia</u> and <u>Robles</u>, the government has not cited to evidence in the record showing that the court would have imposed an identical sentence if it had been proceeding under an advisory-guideline system.

The record, therefore, does not show "with fair assurance that the sentence was not substantially swayed by the error." <u>See</u> <u>Mathenia</u>, No. 04-15250, slip op. at 2328-29. The government has not shown that Martinez's substantial rights were not violated, and, thus, it has not proven that the <u>Booker</u> error was harmless. <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> <u>United States v. Davis</u>, 407 F.3d 1269, 1271-72 (11th Cir. 2005) (concluding that, despite the district court's grant of a motion for a downward departure for substantial assistance, pursuant to U.S.S.G. § 5K1.1, the government could not show that the court's mandatory application of the guidelines in sentencing the defendant was harmless, because the § 5K1.1 motion only gave the court limited discretion in considering the defendant's assistance).

Accordingly, we conclude that the court's error in sentencing Martinez was not harmless. We, therefore, vacate and remand Martinez's sentence for resentencing consistent with <u>Booker</u>.

**VACATED AND REMANDED.**