[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 04-16011
Non-Argument Calendar
-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 21, 2005
THOMAS K. KAHN
CLERK

D.C. Docket  No. 01-00011-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

THOMAS A. ANTHONY,
a.k.a. Thomas A. Antony

                                        Defendant-Appellant.

------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
------------------------------------------------------------------
(December 21, 2005)

Before EDMONDSON, Chief Judge, HULL and WILSON , Circuit Judges.

PER CURIAM:

Defendant-Appellant Thomas A. Anthony appeals the 188-month sentence imposed upon his conviction for (i) conspiracy to import a detectable quantity of MDMA, and (ii) the importation of a detectable quantity of MDMA, in violation of 21 U.S.C. §§ 952(a), 960(b)(3), 963, and 851.  Defendant contends that the district court's application of the federal sentencing guidelines in fashioning his sentence constituted a violation of his constitutional rights under Booker v. United States, 125 S.Ct. 738 (2005).[1]  Defendant's constitutional claims were raised timely in the district court and, as such, preserved for our review.  We vacate and remand for resentencing.

Defendant argued at sentencing and argues again on appeal that his constitutional rights were violated when the sentencing court (i) enhanced his sentence under 21 U.S.C. § 851 based on prior convictions; (ii) held him responsible for 1004.3 grams of MDMA when the indictment referenced only a detectable amount; and (iii) applied the career offender provisions of U.S.S.G. § 4B1.1 based on two prior felony convictions that were not admitted by him, charged in the indictment or found by a jury.  Defendant also argues that the

---

[1]Booker was decided by the Supreme Court after Defendant was sentenced.  At sentencing, Defendant raised his constitutional claims based on Blakely v. Washington, 124 S.Ct. 2531 (2004). Because the Booker decision applies to all cases then pending on direct review, we apply Booker to this appeal.  Booker, 125 S.Ct. at 769.

sentencing judge -- who did depart downward horizontally -- erred when he refused his request to depart downward vertically; Defendant maintains that his sentence is unreasonable.

We see no constitutional Booker error. About the sentencing court's career offender and 21 U.S.C. § 851 enhancements based on prior convictions, we have decided post-Booker that a defendant's Sixth Amendment rights are "not implicated when a defendant's sentence is enhanced based on a prior conviction." United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir.), cert. denied, 123 S.Ct. 223 (2005). As we noted in Orduno-Mireles, the rationale for excepting prior convictions from restraints on judicial factfinding is clear: "'a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.'" Id. at 962, (quoting Jones v. United States, 119 S.Ct. 1215, 1227 (1999)).

Defendant's argument that his constitutional rights were violated when he was sentenced based on a quantity of MDMA that was not alleged in the indictment also is without merit. Defendant failed to object to the facts concerning drug quantity set out in the PSI. A defendant's failure to dispute drug-quantity facts contained in the PSI operates as an admission of those facts for Booker purposes. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005)

3

(concluding that sentence enhancement based on drug quantity not violative of Booker where defendant failed to dispute facts in the PSI). Sentencing enhancement based on admitted facts states no Sixth Amendment violation under Booker. Booker, 125 S.Ct. at 756 (reaffirming that facts used to enhance a sentence, other than a prior conviction, must be proved to a jury beyond a reasonable doubt or admitted by the defendant); Shelton, 400 F.3d at 1330.

Although we conclude that the sentencing court committed no constitutional Booker error, two kinds of sentencing error may be claimed under Booker: constitutional and statutory. See, e.g., United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). "[C]onstitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge." Shelton, 400 F.3d at 1331 (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005)). Statutory Booker error occurs when the district court misapplies the guidelines by considering them as binding "even in the absence of a Sixth Amendment enhancement violation." Shelton, 400 F.3d at 1330-31.

We apply preserved error review to a statutory Booker claim if defendant preserved a constitutional claim by "citation to Apprendi or to other cases in that line of cases." United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir. 2005).

4

And two harmless error standards exist for review of Booker error. Mathenia,409 F.3d at 1291-92 (11ᵗʰ Cir. 2005). Constitutional error requires reversal unless "the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." Id. at 1291. Statutory Booker error -- unlike constitutional Booker error -- requires reversal "only if [the error] resulted in actual prejudice because it had substantial and injurious effect or influence in determining the [result]." United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11ᵗʰ Cir. 2005), quoting United States v. Guzman, 167 F.3d 1350, 1353 (11ᵗʰ Cir. 1999). The government bears the burden to show the absence of effect of the statutory error on the defendant's substantial rights. Mathenia, 409 F.3d at 1292. A sentence is due to be affirmed if it can be said "'with fair assurance ... that the [sentence] was not substantially swayed by the error.'" Id. (quoting United States v. Hornaday, 392 F.3d 1306, 1315-16 (11ᵗʰ Cir. 2004), cert. denied., 125 S.Ct. 2951 (2005)).

The Government concedes that it can not meet the burden of proving that the sentencing court's application of the guidelines as mandatory was harmless. At sentencing, the court noted that Defendant's sentence was about five times greater than the sentence imposed on his co-defendant. The sentencing judge also queried the government asking "[d]on't you find this an exceptionally harsh

5

sentence that the Court has to impose?" We cannot say with fair assurance that Defendant's sentence was not substantially impacted by the statutory <u>Booker</u> error. What sentence the district court would have imposed had it considered the guidelines advisory is impossible to tell. Accordingly, we vacate Defendant's sentence and remand for resentencing consistent with <u>Booker</u>.[2]

REVERSED and REMANDED.

---

[2]Because we remand for resentencing, we do not address Anthony's other sentencing arguments.