[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 26, 2006**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-15228
Non-Argument Calendar

_____

D.C. Docket No. 03-20641-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SONIA I. ALVAREZ,
a. k. a. Sonia E. Alvarez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 26, 2006)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Sonia I. Alvarez appeals the 30-month sentence imposed upon her conviction, pursuant to a plea agreement, of conspiracy to commit bank and mail fraud and commission of mail fraud. We vacate and remand for resentencing.

Defendant raises a single issue on appeal: whether the district court erred under <u>Booker v. United States</u>, 125 S.Ct. 738 (2005) when it imposed a sentence that included a two-level upward adjustment for use of sophisticated means and an additional two-level upward adjustment for abuse of a position of trust, each enhancement based on facts found by the sentencing court and not contained in the plea agreement. Because Defendant's constitutional claims were raised timely in the district court, they are subject to preserved error review.[1] We review a preserved <u>Booker</u> (then <u>Blakely</u>) claim on appeal <u>de novo</u>, but we reverse only for harmful error. <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005).

We see no constitutional <u>Booker</u> error. Defendant's objection to the extra-verdict enhancements was that the enhancements were applied based on facts not found by a jury or contained in Defendant's plea agreement. But Defendant never

---

[1] <u>Booker</u> was decided by the Supreme Court after Defendant was sentenced. At setencing, Defendant raised his constitutional claims based on <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). Because the <u>Booker</u> decision applies to all cases on direct review, we apply <u>Booker</u> to this appeal. <u>Booker</u>, 125 S.Ct. at 769.

disputed the facts contained in the PSI and never took issue with the prosecutor's recital of facts during the plea colloquy. A defendant's failure to dispute facts contained in the PSI operates as an admission of those facts for Booker purposes. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (concluding that sentence enhancement based on extra-verdict drug quantity not violative of Booker where defendant failed to dispute facts in the PSI). Sentencing enhancement based on admitted facts states no Sixth Amendment violation under Booker. United States v. Petho, 409 F.3d 1277, 1280 n.1 (11th Cir. 2005) ("Because Petho admitted to the facts underlying these enhancements, there is no Sixth Amendment error.").

Although no constitutional Booker error has been shown, two kinds of sentencing error may be claimed under Booker: constitutional and statutory. See, e.g., United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). "[C]onstitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge." Shelton, 400 F.3d at 1331 (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.)), cert. denied, 125 S.Ct. 2935 (2005). Statutory Booker error occurs when the district court misapplies the guidelines by considering them as binding "even in the

absence of a Sixth Amendment enhancement violation." Shelton, 400 F.3d at 1330-31.

At sentencing, the district court commented that it was not known "what the Supreme Court will ultimately do with Blakely," and noted that it understood that existing Eleventh Circuit precedent required that the sentencing guidelines be applied. The district court stated that if the Supreme Court "throws out the Guidelines, that issue is preserved, and I'm sure [Defendant] will be back here for resentencing ... and I'll certainly be happy to reconsider what sentence should be imposed." Because the district court sentenced Defendant under a mandatory guidelines system, there was statutory Booker error.

Two harmless error standards exist for review of Booker error. Mathenia, 409 F.3d at 1291-92. Constitutional error requires reversal unless "the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." Id. at 1291. Statutory Booker error -- unlike constitutional Booker error -- requires reversal "only if [the error] resulted in actual prejudice because it had substantial and injurious effect or influence in determining the [result]." United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005), quoting United States v. Guzman, 167 F.3d 1350, 1353 (11th Cir. 1999). The government bears the burden of showing the absence of effect on the

4

defendant's substantial rights of the statutory error . Mathenia, 409 F.3d at 1292. A sentence is due to be affirmed if it can be said "'with fair assurance ... that the [sentence] was not substantially swayed by the error.'" Id. (quoting United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004), cert. denied., 125 S.Ct. 2951 (2005)).

In the light of the district court's comments at sentencing, the Government concedes that it can not meet the burden of proving that the mandatory application of the guidelines was harmless. What sentence the district court would have imposed had it considered the guidelines advisory is unknown and, on this record, unknowable. Because was cannot say with fair assurance that the statutory Booker error was harmless, we vacate Defendant's sentence and remand for resentencing consistent with Booker.[2]

VACATED and REMANDED.

---

[2]Defendant has abandoned on appeal any guideline calculation claim. We agree with the Government's contention that remand should be limited; the district court should not reopen the calculations underlying the guidelines range. See United States v. Mesa, 247 F.3d 1165, 1171 n.6 (11th Cir. 2001) (issue not raised during initial appeal is abandoned and may not be advanced on remand). The district court, however, is not bound to sentence within this guideline range. See United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005) (Once the district court calculates correctly the guideline range, it "may impose a more severe or more lenient sentence as long as the sentence is reasonable, see Booker, 125 S.Ct. at 767.").